## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Joslyan Perry,

      **Plaintiff,**

**vs.**

**Shamrock Wings LLC**
**dba Wingstop,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joslyan Perry, hereinafter referred to as ("Plaintiff") by and through her undersigned attorneys, sues the Defendant, Shamrock Wings LLC dba Wingstop hereafter referred to as ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

**PARTIES**

3.      Plaintiff is a resident of Pinellas County, Florida.

4.      Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

**ADMINISTRATIVE PREREQUISITES**

5.      Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

6.      Plaintiff intends to move the Court to amend this Complaint once she meets all conditions precedent under Title VII and the Florida Civil Rights Act.

**GENERAL ALLEGATIONS**

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.      Plaintiff requests a jury trial for all issues so triable.

10.     Plaintiff was an eligible employee under the FMLA because she

worked for Defendant for more than one year and more than 1250 hours.

11.    Defendant is a covered employer under the FMLA.

## FACTS

12.    Plaintiff began her employment on or about October 29, 2024, as a Crew Member.

13.    On October 31, 2025, Plaintiff treated for a serious health condition and qualified disability.

14.    On November 9, 2025, Plaintiff was hospitalized due to her serious health condition and qualified disability and discharged on November 17, 2025.

15.    Plaintiff kept her manager informed of her condition and submitted documentation as requested by the General Manager.

16.    Plaintiff attempted to return to work upon her discharge, but the General Manager has completely ignored her numerous efforts and has refused to schedule her for any shifts.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

17.    Plaintiff realleges and adopts the allegations stated in Paragraphs one – sixteen.

18.    Defendant's actions interfered with Plaintiff's rights under the FMLA.

19.    Defendant's actions constitute violations of the FMLA.

3

20.    As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a.    Back pay and benefits;

    b.    Interest;

    c.    Liquidated damages;

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

21.    Plaintiff realleges and adopts the allegations stated in Paragraphs one – sixteen.

22.    Defendant retaliated against Plaintiff for asserting her FMLA rights and for taking statutory protected leave under the FMLA.

23.    Defendant's actions constitute violations of the FMLA.

24.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

a.    Back pay and benefits;

b.    Interest;

c.    Liquidated damages;

d.    Attorney's fees and costs;

e.    Equitable relief;

f.    Such other relief as is permitted by law.

Dated this 2nd day of February 2026.

**FLORIN | GRAY**

*/s/Troy E. Longman II*
**Troy E. Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
**Wolfgang M. Florin**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*